area, the general increase in land values through the years, and the physical improvements with relation to the property. Any changes in circumstances between 1944 and 1948, as they affect the value of the property, would go to the weight to be given to the 1944 purchase price, but not to the admissibility of such evidence. United States v. Becktold Co., supra.

Affirmed.

der the Pennsylvania law. We considered the question at length in Wayne Title and Trust Co. v. Commissioner, 3 Cir., 1951, 195 F.2d 401, and we are not convinced that the taxpayer has shown us any reason for distinguishing that case from this.

The decision of the Tax Court is affirmed.

### FISHER v. MINNEAPOLIS & ST. L. RY. CO. et al.

#### No. 14500.

United States Court of Appeals Eighth Circuit.

Oct. 21, 1952.

### PHILADELPHIA TITLE INS. CO. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 10756.

United States Court of Appeals Third Circuit.

Argued Oct. 16, 1952.

Decided Oct. 22, 1952.

Herman H. Greenberg, Philadelphia, Pa., for petitioner.

Harry Marselli, Washington, D. C. (Ellis N. Slack, Acting Asst. Atty. Gen., Lee A. Jackson, Washington, D. C., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This petition for review of a decision by the Tax Court raises the question of the liability for income tax upon the reserve required of a title insurance company un-